UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BONDS, Jr., | No. 2:25-cv-01635-DAD-SCR |
| Plaintiff, | |
| v. | ORDER |
| JOHN V. DIANA, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted a declaration including a statement of income and assets and averring he is unable to pay the costs of this proceeding. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A.   Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In

1

reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Erickson*, 551 U.S. at 94. However, the court need not accept as true legal conclusions, even if cast as factual allegations. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B.   The Complaint

Plaintiff's complaint is three-pages long and names four defendants in the caption: John Diana, Deborah Taylor, Diana Law Group, and Tim Hudson. ECF No. 1 at 1. Plaintiff does not describe the Defendants other than to say he "brings this complaint against Defendants Tim Hudson and his attorney." *Id.* Plaintiff asserts two state law claims: breach of contract and "property negligence." *Id.*

Plaintiff's complaint alleges there is diversity of citizenship jurisdiction under 28 U.S.C. § 1332, but he does not allege the citizenship of any party. *Id.* at 2. Plaintiff alleges the amount in controversy exceeds $75,000, but then pleads more specific damages of $11,000 for "storage and negligence fees"; "4yrs $300 month"; and $20,000 for attorney fees. *Id.* Plaintiff also states that he "requests removal of Probate Case #PR24-00051 from the Superior Court of California, Solano County." *Id.* at 2. Plaintiff seeks declaratory, injunctive, and monetary relief. *Id.* at 3.

Plaintiff alleges that he entered into a contract with all Defendants concerning an estate. The terms or requirements of the contract are not pled. ECF No. 1 at 1. Plaintiff's negligence claim appears directed at Defendant Hudson and he allege Hudson has not maintained the property and has mold in the closet. *Id.* at 2. Plaintiff states the property is not for sale and he has been in possession of the home since 2021. *Id.*

C.   Analysis

The complaint does not sufficiently plead a basis for federal jurisdiction. Plaintiff does not plead the citizenship of the parties. Plaintiff alleges specific damages that do not exceed $75,000. He pleads $11,000 + (48 months at $300 month, which equals $14,400) + $20,000 = $45,400. Plaintiff and all Defendants must be citizens of different states for diversity jurisdiction.

3

*See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (diversity jurisdiction requires "complete diversity of citizenship" where "the citizenship of each plaintiff is diverse from the citizenship of each defendant.").

Plaintiff also appears to be improperly attempting to remove a state probate matter to federal court. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) ("Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."). Plaintiff does not adequately plead a basis for federal jurisdiction. Plaintiff's complaint contains one sentence mentioning a taking of property under the Fifth and Fourteenth Amended, but Plaintiff has not alleged state action, or that any of the Defendants are state actors.

Additionally, the complaint does not comply with Federal Rule of Civil Procedure 8(a)(1)-(2) as it does not contain a "short and plain" statement setting forth the grounds for federal jurisdiction, or a short and plain statement showing Plaintiff's entitlement to relief. The exact nature of Plaintiff's claims is unclear from the complaint. It has something to do with a dispute over property and a state probate matter. Plaintiff cannot challenge the judgment of the state probate court in federal court. Federal district courts do not have jurisdiction to review final state court judgments. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine prevents "a party losing in state court … from seeking what in substance would be appellate review of the state judgment in a United States district court." *Henrich v. Valley View Dev.*, 474 F.3d 609, 611 (9th Cir. 2009); *See also Ignacio v. Judges of U.S. Court of Appeals*, 453 F.3d 1160, 1165-66 (9th Cir. 2006) (affirming dismissal "because the complaint is nothing more than another attack on the California superior court's determination in [the plaintiff's] domestic case.").

Plaintiff also fails to state a claim. Under California law, the elements of a claim for breach of contract are: 1) the existence of a contract; 2) a plaintiff's performance or excuse for nonperformance; 3) a defendant's breach; and 4) resulting damage to plaintiff. *Reinhardt v.*

*Gemini Motor Transport*, 879 F.Supp.2d 1138, 1143 (E.D. Cal. 2012).  Plaintiff makes only conclusory allegations that there was a contract, it was breached, and he was damaged.  Plaintiff's claim for negligence is also inadequately pled.  *See Cisco Systems, Inc. v. STMicroelectronics*, 77 F.Supp.3d 887, 895 (N.D. Cal. 2014) ("To state a cognizable claim for negligence under California law, plaintiff must establish four required elements: (1) duty; (2) breach; (3) causation; and (4) damages.").  Plaintiff's allegations of negligence are unclear.  The negligence claim appears to be against only Defendant Tim Hudson and involve the maintenance of property.

Accordingly, the complaint does not establish this court's jurisdiction, does not comply with Rule 8, and fails to state a claim on which relief may be granted.  Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted.  However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment.  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  Rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege a proper basis for jurisdiction and facts supporting a cognizable cause of action.

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what

5

1  facts support the legal claims being asserted against certain defendants"). The amended
2  complaint should contain specific allegations as to the actions of <u>each</u> named defendant rather
3  than making conclusory allegations that the defendants collectively violated plaintiff's rights.
4      Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's
5  amended complaint complete. An amended complaint must be complete in itself without
6  reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended
7  complaint supersedes the original complaint. *See Pacific Bell Tel. Co. v. Linkline*
8  *Communications, Inc.*, 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint
9  supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice &
10 Procedure § 1476, pp. 556-57 (2d ed. 1990)). Therefore, in an amended complaint, as in an
11 original complaint, each claim and the involvement of each defendant must be sufficiently
12 alleged.
13     Plaintiff's amended complaint must address the issues set forth herein. It must plead a
14 basis for federal subject matter jurisdiction. Plaintiff must also allege enough facts in support of
15 his claims for breach of contract and negligence to state a claim to relief that is plausible on its
16 face. !

17                              III.  CONCLUSION
18     Accordingly, **IT IS HEREBY ORDERED** that:
19  1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
20  2. Plaintiff **shall have 30 days from the date of this order** to file an amended complaint
21     that addresses the defects set forth above. The amended complaint must include a
22     sufficient jurisdictional statement and comply with Rule 8. If Plaintiff fails to timely
23     comply with this order, the undersigned may recommend that this action be dismissed.
24 ////
25 ////
26 ////
27 ////
28 ////

3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: July 1, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE