UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BONDS, Jr., | No.  2:25-cv-01635-DAD-SCR |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOHN V. DIANA, et al., | |
| Defendants. | |

Plaintiff is proceeding pro se and accordingly this matter is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Before the Court is Plaintiff's First Amended Complaint ("FAC") (ECF No. 7).  The Court has screened the FAC pursuant to 28 U.S.C. § 1915(e) and recommends the action be dismissed for lack of jurisdiction and failure to state a claim.

**I.      Background and Procedural History**

Plaintiff filed this action on June 13, 2025, alleging claims of "breach of contract" and "property negligence."  ECF No. 1 at 1.  Plaintiff also stated that he was requesting removal of a state probate case to this Court.  *Id.* at 2.  The Court granted Plaintiff's motion to proceed in forma pauperis and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2).  ECF No. 3.  The

1

Court found the complaint failed to plead a basis for federal jurisdiction and appeared to be improperly attempting to remove the state probate matter to federal court. ECF No. 3 at 3-4. Plaintiff was also informed he could not challenge the state court judgment in this Court and that under the *Rooker-Feldman* doctrine this Court does not have jurisdiction to review a final state court judgment. *Id.* at 4. Plaintiff was also advised that his claims for breach of contract and negligence were inadequately pled. *Id.* at 4-5. Plaintiff was allowed leave to amend to allege a proper basis for jurisdiction and factual content in support of a plausible claim. *Id.* at 5.

The July 2, 2025 screening order allowed Plaintiff 30-days to file a FAC and he did not do so. Accordingly, on August 13, 2025, the Court issued Findings and Recommendations ("F&R") that the action be dismissed for the reasons stated in the screening order. ECF No. 4. Thereafter, on August 25, 2025, Plaintiff requested a 60-day extension of time to file a FAC. ECF No. 5. The Court granted the request, and on October 24, 2025, Plaintiff filed the FAC.

II.    Analysis

Plaintiff's FAC is three pages long, and suffers from the same defects as the original complaint. Plaintiff asks to "move this probate matter to the eastern district" and makes a conclusory assertion of a due process violation. ECF No. 7 at 1. Plaintiff alleges there is no valid contract to proceed to probate. *Id.* at 2. Plaintiff appears to request that this Court order Defendants to pay his attorney fees for the state court matter, and alleges they are $50,000. *Id.* at 3. Plaintiff states he will "accept selling the house" if he gets 51 percent, or at least $200,000. *Id.*

Plaintiff is attempting to improperly remove a state probate matter to federal court. *See Marshall v. Marshall*, 547 U.S. 293, 311-12 (2006) ("Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction."). The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court. *See Goncalves By & Through Goncalves v. Rady Children's Hosp.*, 865 F.3d 1237, 1251 (9th Cir. 2017). The United States

Supreme Court has long recognized that the federal courts have no jurisdiction over probate matters, and may not directly interfere with probate proceedings. *L. v. L.,* No. 2:17-CV-00369 AC, 2017 WL 2972259, at *1 (E.D. Cal. July 12, 2017); *see also Pellegrini v. Fresno Superior Ct.,* No. 15-CV-01564-LJO-EPG, 2015 WL 6167523, at *3 (E.D. Cal. Oct. 20, 2015) (probate matters involving the disposition of assets "do not fall within the purview of federal jurisdiction."). It appears that Plaintiff intends to have this Court interfere with an ongoing probate matter, and his pleading contains requests to settle the disposition of assets—such as the statement that he will agree to sell the house if he gets 51%. This Court lacks jurisdiction, and recommends the action be dismissed.

Additionally, as with the original complaint and stated in the prior screening order (ECF No. 3 at 4), Plaintiff's FAC continues to fail to comply with Federal Rule of Civil Procedure 8. It does not contain a "short and plain" statement showing Plaintiff's entitlement to relief. Pursuant to its screening responsibility under 28 U.S.C. § 1915(e), the Court concludes the FAC fails to state a claim.

### III. Leave to Amend

The Court has considered Plaintiff's pro se status and whether he should be granted leave to amend. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("[a] district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). The Court has already allowed Plaintiff an opportunity to amend and finds that further leave to amend would be futile. The Court recommends denying further leave to amend. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad").

### IV. CONCLUSION

**IT IS HEREBY ORDERED that:**

1. The previously issued Findings and Recommendations (ECF No. 4) are VACATED because Plaintiff has filed a First Amended Complaint.

3

**IT IS HEREBY RECOMMENDED that**:

1. Plaintiff's First Amended Complaint and this action be dismissed for lack of jurisdiction and failure to state a claim; and

2. The Clerk be directed to enter judgment and close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 12, 2026

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4